# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

    v.

James Edward Craig,

       Defendant.

**ORDER**
Criminal No. 05-437(1) ADM/RLE

_____

Thomas M. Hollenhorst, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Katherine M. Menendez, Esq., Assistant Federal Defender, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant James Edward Craig's ("Craig") Motion for Sentence Reduction [Docket No. 58] ("Motion").  For the reasons set forth below, Craig's Motion is granted.

## II.  BACKGROUND

In February 2006, Craig pled guilty to distributing five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  Plea Agreement [Docket No. 37].  Craig's offense was subject to a statutory minimum of 60 months' imprisonment.  See 21 U.S.C. § 841(b)(1)(B) (2005) ("5 grams or more of a mixture or substance . . . which contains cocaine base . . . [requires] a term of imprisonment which may not be less than 5 years . . . .).  At Defendant's sentencing on June 7, 2006, the Court found his advisory guideline sentence range to be 130 to 162 months' imprisonment, and sentenced him to 120 months.  Sentencing Judgment [Docket No. 43]; see also June 27, 2008 Order [Docket No. 54].  No express

determination was made that Craig was a career offender, either at his initial sentencing or his subsequent sentence reduction. Sentencing Judgment; June 27, 2008 Order. On June 27, 2008, Craig's sentence was reduced to 110 months' imprisonment under the amended cocaine base guidelines. June 27, 2008 Order.

On November 1, 2011, the cocaine base sentencing guidelines in U.S.S.G. § 2D1.1 were amended and made retroactive. Craig is eligible for resentencing based on an amended guideline range of 37–46 months, and he now moves for sentence reduction pursuant to 18 U.S.C. § 3582(c).

## III. DISCUSSION

Under U.S.S.G. §1B1.10, a court has discretion to reduce a defendant's sentence as a result of an amended guideline range. In considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), courts must determine the following: (1) the amended guideline range and what sentence would have been given if the amended guideline had applied at the time of original sentencing; and (2) whether to exercise its discretion to reduce the sentence, as adjudged by the factors in 18 U.S.C. § 3583(a). United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001). When a statutory minimum exceeds the amended guideline range, the statutory sentence "shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Therefore, where a statutory minimum is effectively the guideline sentence, any commensurate reduction must be based on the statutory minimum. United States v. Johnson, 517 F.3d 1020, 1023–24 (8th Cir. 2008).

The Fair Sentencing Act of 2010 ("FSA") has increased the quantity of cocaine base that is required to trigger the mandatory five-year sentence from 5 grams to 28 grams. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, § 2(b)(2). The result of these changes

is a reduction in the cocaine sentencing guidelines and an elimination of the mandatory minimum sentence for simple possession. Id. §§ 2–3. However, the Fair Sentencing Act is not retroactive because it contains no express statement that it is. United States v. Sidney, 648 F.3d 904, 906 (8th Cir. 2011). Consequently, the general savings statute, 1 U.S.C. § 109, requires the court to apply the penalties "in place at the time the crime was committed." Id.; see also United States v. Smith, 632 F.3d 1043, 1047–48 (8th Cir. 2011).

This Court has previously sentenced Craig to a sentence below the guidelines range (120 months) and at the lowest end of the amended guidelines range (110 months). See Sentencing Judgment and June 27, 2008 Order. In light of its past sentences, and based on the totality of the factors, Craig's sentence warrants a reduction under the amended guidelines. However, Craig's sentence was, and still is, subject to a statutory minimum sentence of 60 months. Accordingly, this Court grants Craig's Motion and reduces his sentence to the statutory minimum of 60 months' imprisonment.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Craig's Motion for Sentence Reduction [Docket No. 58] is **GRANTED** as follows:

1.      The Defendant's sentence is reduced to 60 months.

2.      All other conditions, including the four-year term of supervised release, shall remain in effect. In the absence of a release residence approved by the probation officer, the defendant shall reside for a period of up to 180 days at a residential reentry center as approved by the probation officer and shall observe the rules of

that facility.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 24, 2012.